## Levi G. Hetzel  v.  George M. Fadner.

### In the Matter of the Appeal of Edwin C. Day  et al., Petitioners, Appellants, v. George M. Fadner (Respondent), Appellee.

### Gen. No. 19,828.  (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 13, 1914.

## Statement of the Case.

Suggestion of damages filed by George M. Fadner, after the dissolution of an injunction issued on the petition of Edwin C. Day, John C. McPherson, Lewis W. Parker and Henry M. Hagan, restraining said Fadner from the prosecution of a certain suit against the petitioners, impleaded with Levi G. Hetzel. From a decree ordering that Fadner recover five hundred dollars from the petitioners and that he have execution therefor, petitioners appeal.

The appeal was taken on a *præcipe* transcript of the record containing only a suggestion of damages filed in the cause of *Levi H. G. Hetzel v. George M. Fadner,* a decretal order entered in said cause on April 19, 1913, an appeal bond filed in said cause on May 19, 1913, register entries in said cause on and after April 19, 1913, and the *præcipe* for the transcript.

The decretal order, reciting that the cause came on to be heard on the suggestion of damages filed by Fadner against said petitioners and the answers of said petitioners to said suggestion, and reciting also that the court has heard and considered the evidence adduced by respective parties and the arguments of counsel for the respective parties, and is fully advised, found:

"That the defendant respondent, George M. Fadner, has sustained damages in the sum of Five Hundred Dollars in and about the procuring of the dissolution of the injunction issued herein on or about the 17th day of January, 1911, upon the petition of the said Edwin C. Day, John C. McPherson, Lewis W. Parker and Henry M. Hagan, restraining the said defendant respondent George M. Fadner from the prosecution of a certain suit in the Superior Court of Cook County, Illinois, against the said petitioners   *   *   *   said injunction having been dissolved by the Appellate Court," etc.   And then ordered and decreed that Fadner recover $500 from the petitioners and have execution therefor.

The only other matter shown by the transcript (except the appeal bond and *præcipe*) was a certificate of the clerk of the Circuit Court that the following is "a true, perfect and complete copy of the Clerk's Chancery Register on and after the 19th day of April, A. D. 1913."

"Hetzel
         v.              249475
Fadner
                Copy of Clerk's Chancery Register
Notice.                 Geo W. Wilbrio              April 19, 1913.
Suggestion of Damnum Copy    Do.                   July 19, 1913."

GEORGE G. KING, for appellants.

GEORGE W. WILBUR and HARRIS F. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

INJUNCTION, § 381*—*when decree awarding damages on dissolution of cannot be sustained.* A decretal order awarding damages on dissolution of an injunction cannot be sustained, where the record shows there are no recitals of findings of fact in the decree sufficient to sustain the ordering part and there is no evidence to support the decree preserved in the record.

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.